**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TRUSSNET USA, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>PETER A LENDRUM and JAMIE R. LENDRUM, husband and wife; RICHARD THOMAS, an individual; GEORGE D. SLESSMAN and SHANNON P. SLESSMAN, husband and wife; WILLIAM D. SLESSMAN and SARAH I. SLESSMAN, husband and wife,<br><br>          Defendants. | No. CV-08-1181-PHX-GMS<br><br>**AMENDED ORDER** |

Pending before the Court is the Motion to Dismiss or, in the Alternative, Stay Proceedings and Compel Arbitration of Defendants Peter A. and Jamie R. Lendrum. (Dkt. # 19.) Defendants George D. and Shannon P. Slessman and William D. and Sarah I. Slessman joined in the motion. (Dkt. # 23.) For the reasons set forth below, the Court grants Defendants' motion to stay the proceedings and compel arbitration.[1]

---

[1] Plaintiff Trussnet has requested oral argument. The request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

**BACKGROUND**

This dispute centers on allegations that Defendant Peter Lendrum, a Vice-President and principal architect of Plaintiff's Phoenix office, surreptitiously competed with Plaintiff; used Plaintiff's employees and resources in his own enterprises; and diverted business from Plaintiff's clients, to enrich himself, Defendant Thomas, and the Slessman Defendants. (*See* Dkt. # 1.) It is alleged that this conduct occurred despite the existence of contracts between Plaintiff and Defendant Lendrum that expressly required Defendant Lendrum to fully devote his efforts and time to his duties as Vice-President and principal architect of Trussnet. (*Id.* ¶¶ 10-11, 13-14, 18-20.) The parties do not dispute that Defendant Peter Lendrum and Plaintiff are parties to enforceable contracts that are central to the claims asserted against Defendant Lendrum. It is also undisputed that the contracts both contain: (1) binding arbitration clauses that require the parties to submit disputes arising out of the contracts to binding arbitration with Judicial Arbitration and Mediation Services, Inc. ("JAMS")[2] and (2) choice of law provisions requiring application of California law to disputes arising under the contract. (Dkt. # 19 Exs. A ¶ 14, B ¶ N.) Finally, the parties do not dispute that all of the

---

[2] The first contract, entitled "Independent Contractor Agreement," states:

> If a dispute arises related to this Agreement or the termination thereof, claims for breach of contract or breach of the covenant of good faith and fair dealing . . . or any other claims under any federal, state or local law or regulation . . . the parties shall attempt in good faith to settle the Dispute through mediation . . . . If the Dispute is not resolved . . . it shall be resolved through final and binding arbitration . . .conducted by the Judicial Arbitration and Mediation Services, Inc. ("JAMS") . . . .

(Dkt. # 19 Ex. A ¶ 14.)

The second contract, entitled "Employee Proprietary Information and Interventions Agreement," states, "Any dispute between the parties arising out of or related to this Agreement shall be submitted to binding arbitration with . . . [JAMS] . . . for resolution . . . ." (*Id.* Ex. B ¶ 30.)

1  claims asserted against Defendant Peter Lendrum in the current action are within the scope
2  of the compulsory arbitration and choice of law clauses.[3] (*See* Dkt. # 31 at 9.)

3  In or around March, 2008, Plaintiff indicated intent to pursue arbitration of its claims
4  against Defendant Peter Lendrum by filing a Demand for Binding Arbitration with JAMS
5  in California. (*See id.* Ex. C.) Defendant Peter Lendrum responded by filing a counterclaim
6  Demand for Binding Arbitration with JAMS, and the arbitration was officially commenced
7  on March 31, 2008. (*Id.*)

8  Despite the arbitration proceedings, on June 26, 2008, Plaintiff filed a complaint in
9  this Court seeking judicial process in resolving both the claims previously submitted to
10 arbitration and additional claims asserted against Defendants not subject to the arbitration
11 proceedings. (Dkt. # 1.) On August 14, 2008, Defendants Peter and Jamie Lendrum filed
12 a motion to dismiss or in the alternative to stay the proceedings and compel arbitration. (Dkt.
13 # 19.) The Lendrums seek dismissal of Counts 1-7 and 11-13 – all counts asserted against
14 them – due to the existence of the binding arbitration agreements between the parties as well
15 as dismissal of Counts 5-7 and 11-13 under Federal Rule of Civil Procedure 12(b)(6) for
16 failure to state a claim upon which relief can be granted. Alternatively, the Lendrums move
17 the Court to stay the matter and compel arbitration. On August 21, 2008, Defendants George
18 D. and Shannon P. Slessman and William D. and Sarah I. Slessman ("the Slessmans") –
19 parties not subject to the contractual arbitration – joined in the motion. (Dkt. # 23.) The
20 Slessmans additionally seek dismissal of Counts 9 and 10 under Rule 12(b)(6) for failure to
21 state a claim upon which relief can be granted.

## DISCUSSION

23 Defendants Peter and Jamie Lendrum principally argue that the Federal Arbitration
24 Act ("FAA"), 9 U.S.C. §§ 1-4, requires this Court to stay the proceedings and compel

---

[3] In the Complaint, Plaintiff asserts breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duties, conversion, fraud, interference with prospective business relations, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) against Defendant Peter Lendrum. (Dkt. # 1.)

- 3 -

1 arbitration of the claims asserted against Defendant Peter Lendrum. (Dkt. # 19 at 5-6.) The
2 FAA governs the allocation of authority between courts and arbitrators. *Chiron Corp. v.*
3 *Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000); *see also* 9 U.S.C. §§ 1-4.
4 By its terms, section 3 of the FAA "leaves no place for the exercise of discretion by a district
5 court but instead mandates that district courts *shall* direct the parties to proceed to arbitration
6 on issues as to which an arbitration agreement has" been reached. *Dean Witter Reynolds,*
7 *Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see also Republic of Nicaragua v. Standard Fruit*
8 *Co.*, 937 F.2d 469, 475 (9th Cir. 1991) ("The standard for demonstrating arbitrability is not
9 a high one; in fact, a district court has little discretion to deny an arbitration motion, since the
10 [FAA] is phrased in mandatory terms."). Because of this mandate, the FAA limits courts'
11 involvement to "determining (1) whether a valid agreement to arbitrate exists and, if it does,
12 (2) whether the agreement encompasses the dispute at issue." *Chiron*, 207 F.3d at 1130
13 (citation and quotation omitted). If these inquiries are answered in the affirmative, the court
14 "shall on application of one of the parties stay the trial of the action until such arbitration has
15 been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Here, the parties do
16 not dispute either that a valid agreement to arbitrate exists or that the scope of the arbitration
17 clauses encompasses the claims at issue. Therefore, under the FAA, this Court must compel
18 arbitration of the claims asserted against Defendant Peter Lendrum.

19       Plaintiff, however, argues that "the FAA does not apply without regard to the parties'
20 agreement to proceed according to different terms or in a different manner." (Dkt. # 31 at
21 4.) Specifically, Plaintiff argues that because "the parties chose to incorporate California law
22 into each arbitration agreement . . . California law applies." (*Id.*) Accordingly, Plaintiff
23 contends that the Court is bound to follow California Civil Procedure Code section
24 1281.2(c). Section 1281.2(c) states, in relevant part, that a court need not issue an order
25 compelling arbitration when:

26           A party to the arbitration agreement is also a party to a pending
          court action or special proceeding with a third party, arising out
27           of the same transaction or series of related transactions and there
          is a possibility of conflicting rulings on a common issue of law
28           or fact . . . . Once a court identifies such a situation, that court

> may: (1) refuse to enforce the arbitration agreement and may order intervention or joinder of all parties in a single action or special proceeding; (2) may order intervention or joinder as to all or only certain issues; (3) may order arbitration among the parties who have agreed to arbitration and stay the pending court action or special proceeding pending the outcome of the arbitration proceeding; or (4) may stay the arbitration pending the outcome of the court action or special proceeding.

Plaintiff argues that judicial economy dictates that the Court stay the arbitration proceeding as permitted by option (4). (Dkt. # 31 at 7.)

In support of her argument, Plaintiff cites to the Supreme Court decision in *Volt Info. Scis, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468 (1989), for the proposition that "choice-of-law provisions, such as the [provisions applicable in this case] are intended to incorporate both California substantive law and California arbitration rules, including § 1281(c)." (Dkt. # 31 at 5.) However, Plaintiff's reliance on *Volt* is misplaced. In *Volt*, the Supreme Court did not hold that any choice-of-law provision always incorporates both state substantive law and state arbitration rules. Rather, the Court merely refused to set aside a state court's construction of a choice-of-law provision in which the state court interpreted the provision as intending to incorporate California rules of arbitration into their agreement. *Volt*, 489 U.S. at 474. The Court stated that "interpretation of private contracts is ordinarily a question of state law, which this Court does not sit to review." *Id.* After addressing the appellant's concerns with the state court's interpretation, the Court stayed the arbitration "to accommodate litigation involving third parties who were strangers to the arbitration agreement." *Preston v. Ferrer*, 128 S. Ct. 978, 980 (2008). "Because the contract at issue in *Volt* did not address the order of proceedings and included a choice-of-law clause adopting California law, the *Volt* Court recognized as the gap filler a California statute authorizing the state court to stay either third-party court proceedings or arbitration proceedings to avoid the possibility of conflicting rulings on a common issue." *Id.*

Here, despite Plaintiffs insistence to the contrary, the Court is not convinced that the choice-of-law provisions applicable here were intended to incorporate California's arbitration rules. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 59 (1995) (noting

- 5 -

1   that a generic choice-of-law provision "in isolation" could "reasonably be read as merely a
2   substitute for the conflict of laws analysis that otherwise would determine what law to apply
3   to disputes arising out of the contractual relationship"). However, the Court need not reach
4   this issue because, even should this Court find that Plaintiff and Defendant Peter Lendrum
5   did intend to incorporate California arbitration law into their agreements, nothing in section
6   1281.2(c) would require the Court to stay the arbitration proceedings. As in *Volt*, the
7   California statute would act as a gap filler authorizing this Court to stay either the court
8   proceedings or arbitration proceedings to avoid the possibility of conflicting rulings on a
9   common issue of law or fact.

10   The alleged circumstances of this case plainly indicate that Defendant Peter Lendrum
11   was the principal actor and the Defendant at which the majority of Plaintiff's claims are
12   directed. Several of Plaintiff's claims – Count 8 and 9 – assert claims that rely on a finding
13   that Lendrum's actions constitute a tort. Should this Court choose to stay the arbitration and
14   proceed with adjudication of the claims brought against parties not subject to the arbitration
15   agreements, the Court would be forced to determine whether and to what extent Lendrum's
16   conduct was tortious. Additionally, given the posture of the case and the fact that Defendant
17   Thomas is in default, the only active claims not subject to arbitration are Counts 9 and 10
18   asserted against the Slessmans. Plaintiff has offered no persuasive reasons that favor
19   ordering a stay on arbitration proceedings rather than ordering a stay on the court
20   proceedings. Therefore, whether this case falls squarely in line with the FAA or whether
21   section 1281.2(c) of the California arbitration rules is applicable is inconsequential because,
22   under either, a stay on the court proceedings is appropriate. Therefore, the court proceedings
23   involving the Plaintiff and Defendant Peter Lendrum are stayed pending the completion of
24   arbitration.

25   The Slessmans argue that the claims asserted against them by Plaintiff should also be
26   stayed. (Dkt. # 36 at 2.) The Court recognizes that the Slessmans are not parties to the
27   arbitration agreements and hence do not have the ability to compel arbitration of either their
28   claims or the claims of Defendant Peter Lendrum. However, the Slessmans argue that a stay

1 is nevertheless appropriate because it would promote efficient use of judicial resources and 2 assist the Court in the effective management of its docket.  (*See* Dkt. # 23 at 10-11.)  The 3 Supreme Court has recognized that, in a situation such as this, staying litigation of parties not 4 subject to arbitration may be an advised course of action.  *Moses H. Cone Mem'l Hosp. v.* 5 *Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983).  "That decision is one left to the district 6 court . . . as a matter of its discretion to control its docket."  *Id.*  Therefore, in the interest of 7 judicial economy and efficiency, a stay pending the completion of arbitration is prudent in 8 respect to the claims involving the Slessmans.

9 Because the Court has granted the motions to stay the case pending the results of 10 arbitration, the Court declines to reach the merits of either the Lendrums' or Slessmans' 11 alternative motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  12 The Slessmans are free to reassert their motions upon completion of the arbitration 13 proceedings.

14 **IT IS THEREFORE ORDERED** that the Lendrums' motion to stay the court 15 proceedings and compel arbitration (Dkt. # 19) is **GRANTED** in respect to the claims 16 asserted against Defendant Peter Lendrum.

17 **IT IS FURTHER ORDERED** that the court proceedings are stayed in respect to the 18 claims asserted against Defendants George and Shannon Slessman and William and Sarah 19 Slessman pending the completion of the arbitration between Plaintiff and Defendant Peter 20 Lendrum.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26
27
28

**IT IS FURTHER ORDERED** that Plaintiff and Defendant Peter Lendrum shall file quarterly reports with the Court informing the Court of the status of the arbitration proceedings. The first report will be due by March 1, 2009.

DATED this 10th day of December, 2008.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge